IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVEN R. SHELTON**      **PLAINTIFF**

**VS.**      **CIVIL ACTION NO. 2:04-cv-134-MTP**

**RICHARD STRINGER**      **DEFENDANT**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [29] of defendant Richard Stringer, Sheriff of Marion County, Mississippi. Having considered the defendant's Motion [29] and supporting memorandum [30], the plaintiff's response [33] and supporting memorandum [34], the defendant's reply [36], and the applicable law, the court finds that the motion should be GRANTED in part and DENIED in part.[1]

The plaintiff, Steven R. Shelton, a state prisoner proceeding *in forma pauperis* and *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Richard Stringer, the Sheriff of Marion County.[2] Liberally construing the plaintiff's claims as the court is required to do,[3] it appears that he asserts claims arising from the denial of adequate medical treatment, the delay of medical treatment, and the denial of a change in diet and/or food menu due to his dental condition while

---

[1] The parties having consented to disposition by the Magistrate Judge [20], the court is authorized to enter final judgment pursuant to Fed. R. Civ. P. 73 and local rule 73.1.

[2] Because the plaintiff does not specify whether he is suing the defendant in his individual or official capacity, the court will analyze the claims against the defendant in both his individual and official capacities. In the style of the plaintiff's Complaint, he names "Richard 'RiP' Stinger," with no reference to his official position. However, the plaintiff's Complaint alleges that the Marion Walthall Correctional Facility "is maintained by the Sheriff of Marion Co., Richard 'RiP' Stringer." *See* Complaint [1], III. Statement of Claim.

[3] *Pena v. United States,* 122 F.3d 3, 4 (5th Cir. 1997). The court conducted a screening or omnibus hearing in this matter to allow the plaintiff to clarify his allegations pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

he was a post-conviction inmate in the Marion Walthall Correctional Facility (hereinafter "MWCF").

Specifically, the plaintiff complains that the dental treatment he requested was denied and/or delayed, he was not given adequate pain medication or antibiotics for his dental problems, his request for dentures after all his teeth had been extracted was delayed, and that he was not given a special or soft food diet as a result of his multiple tooth extractions and resulting pain, and as a result, lost excessive weight.

The plaintiff's Complaint states that he arrived at MWCF on December 3, 2002, and requested dental attention. He left MWCF from January 3, 2003 - March 3, 2003, pursuant to a court order. The plaintiff claims he requested dental attention from March 3, 2003 - August of 2003, and only received naproxin sporadically and one prescription of antibiotics. The plaintiff had six teeth pulled in August of 2003; he had four more teeth pulled in November of 2003; and had his last seven teeth pulled in December of 2003. The plaintiff claims that he was only given ibuprofen for pain, and no change in menu consideration. In his Complaint filed on April 5, 2004, the plaintiff claims that because he was not given a change in diet, his weight dropped from 230 to 200 pounds,[4] and that the only way he was able to sustain that weight was by his family giving him money to buy softer foods at the canteen.[5]

The plaintiff is seeking $100,000 for pain and suffering and mental anguish; immediate

---

[4]During his *Spears* hearing on April 12, 2005, the plaintiff claimed that his weight dropped from 230 to 190 pounds. *See* Transcript at 24:4-5. According to the affidavit attached as Exhibit "M" to Plaintiff's Response [33], the plaintiff lost seventy pounds as a result of not being able to eat due to lack of dentures. *See* Exhibit "M" to Plaintiff's Response [33].

[5] *See* Complaint [1], III. Statement of Claim.

appropriation of dentures;[6] and expenses and filing fees.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington*, 839 F.2d at 1122.

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).   If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John,* 757 F.2d at 708, 712 (quoting

---

[6]Based on his testimony, the plaintiff still did not have dentures at the time of his *Spears* hearing on April 12, 2005. *See* Transcript at 24:20-25:1.  However, in the plaintiff's sister's affidavit dated May 17, 2007, Exhibit "M" to Plaintiff's Response [33], Ms. Hopkins states that the plaintiff "finally received this medical care after he was transferred to the Franklin County Correctional Facility for housing and put on the medical list at their facility."  Based on Ms. Hopkins's affidavit, it appears that the plaintiff received dentures after he was put on the medical call list at the Franklin County Correctional Facility.

*U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

The plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

### Denial of Adequate Medical Treatment

In order to succeed on an Eighth Amendment claim for the denial of medical treatment, the plaintiff, as a post-conviction inmate, must allege facts on the part of the defendant that constitute a "deliberate indifference" to a serious medical need, which constitutes "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

In order to establish "deliberate indifference" under the Eighth Amendment, the plaintiff

4

must show that the jail officials: "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Based on the evidence before the court, including the plaintiff's sworn testimony, when the plaintiff complained of tooth pain, he was seen by a nurse or doctor and was given pain medication and/or antibiotics, and had multiple tooth extractions. When the plaintiff first complained of tooth pain in December of 2002, he was seen by a doctor the very next day and was prescribed two months of pain medication.[7] Further, when the plaintiff submitted sick call requests in March and April of 2003, he was put on the dental referral list, and was prescribed antibiotics and pain medication.[8] Finally, the plaintiff had multiple tooth extractions. The plaintiff had six teeth pulled in August of 2003; he had four more teeth pulled in November of 2003; and had his last seven teeth pulled in December of 2003.[9] The plaintiff testified that having his bad teeth pulled got rid of his infection and pain.[10] Since the plaintiff's last teeth were

---

[7] *See* Exhibits "E" and "F" [29-2] to Defendant's Motion [29]; Plaintiff's Response [33] at 3.

[8] *See* Exhibit "G" [29-2] to Defendant's Motion [29]; Plaintiff's Response [33] at 3; Transcript at 19-20.

[9] *See* Plaintiff's Response [33] at 3-4.

[10] *See* Transcript at 21-22.

extracted, he was fitted for dentures in November of 2004.[11]

Based on the foregoing, this court finds that the plaintiff has failed to meet his burden in showing deliberate indifference in the <u>denial</u> of medical treatment.  Rather, it appears that the plaintiff disagrees with the nature or type of medical treatment he was provided, which does not constitute a viable claim under section 1983.  *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Therefore, the plaintiff's claim for the denial of adequate medical treatment in violation of the Eighth Amendment fails as a matter of law.

Delay of Medical Treatment

However, the plaintiff's claims regarding medical treatment have another component.  The plaintiff also alleges a claim for an unreasonable <u>delay</u> in medical treatment.  Specifically, the plaintiff claims that he was not fitted with denture impressions until eleven months after his last teeth were extracted, and that during this time he was given no dietary consideration, which restricted his consumption of food and caused substantial weight loss and suffering.[12]  The plaintiff alleges that the defendant, the warden, the medical personnel at MWCF, and the personnel at MDOC knew of his condition.[13]

"[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."  *Mendoza v. Lynaugh*, 989 F.2d

---

[11]*See* Exhibit "H" [29-2] to Defendant's Motion [29].  Based on the plaintiff's sister's affidavit (Exhibit "M" to Response [33]), it appears that the plaintiff received dentures after he was put on the medical call list at the Franklin County Correctional Facility.  *See supra*, footnote 6.

[12]*See* Plaintiff's Response [33] at 4-5; Exhibit "C" to Plaintiff's Response [33]; Plaintiff's Memorandum [34] at 3.

[13]*See* Plaintiff's Response [33] at 5; Exhibit "M" to Plaintiff's Response [33]; Plaintiff's Memorandum [34] at 3-4.

191, 195 (5th Cir. 1993).  Difficulty eating and severe pain caused by the lack of dentures can constitute a serious medical need.  *Vasquez v. Dretke*, No. 05-41170, slip op., 2007 WL 756455, at *1 (5th Cir. March 9, 2007) (citing *Farrow v. West*,[14] 320 F.3d 1235, 1244-45 (11th Cir. 2003); *Hunt v. Dental Dept.*,[15] 865 F.2d 198, 201 (9th Cir. 1988)).  Likewise, the "[d]eprivation of dental treatment may constitute deliberate indifference."  *Green v. Hendrick Med. Ctr.*, 251 F.3d 157, ¶ 3 (5th Cir. 2001).

In his Memorandum in Support of his Motion, the defendant claims that the plaintiff does not state a viable claim for a delay in medical treatment because he cannot prove that the defendant acted with deliberate indifference and because the plaintiff cannot show that he suffered a substantial harm as a result of the delay.[16]  However, the plaintiff alleges that the defendant and other jail officials referenced above knew of his condition and failed to do anything about the eleven-month delay in providing the plaintiff with denture impressions.[17]  The defendant fails to address why there was an eleven-month delay before the plaintiff was fitted

---

[14]In *Farrow v. West*, 320 F.3d 1235, 1244-48 (11th Cir. 2003), the court held that genuine issues of material fact existed as to whether the defendant violated the prisoner's constitutional rights under the Eighth Amendment, "given his recognized need for denture treatment, the nature of his continuing problems [including pain and weight loss], the length of the delay involved [fifteen months], and the lack of any reasonable explanation for the inordinate delay . . . ."

[15]In *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1998), the court stated, "Although delay in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation, . . ." the plaintiff's allegations that prison officials were aware of the severe pain, bleeding gums, and inability to eat properly were sufficient to state a claim of deliberate indifference under section 1983.  The court held that a fact issue as to whether the defendants were deliberately indifferent to the prisoner's serious medical dental needs precluded summary judgment, where there was a three month delay in treatment.  *Hunt*, 865 F.2d at 201.

[16]*See* Defendant's Memorandum [30] at 6-7.

[17]*See* Plaintiff's Response [33] at 4-5; Plaintiff's Memorandum [34] at 3-4; Exhibit "M" to Plaintiff's Response [33].

with denture impressions, much less offer any reasonable basis for such delay,[18] and further fails to address whether the plaintiff ever received dentures.[19] Therefore, this court finds that there are genuine issues of material fact as to whether the jail officials acted with deliberate indifference in the delay in providing the plaintiff with dentures.

Further, since the plaintiff alleges that the delay in receiving dentures caused substantial weight loss and pain and suffering, since he was given no dietary consideration,[20] and because the defendant does not address whether the plaintiff's alleged weight loss and suffering constitute a "substantial harm" caused by the delay, genuine issues of material fact exist as to whether the alleged delay in medical treatment resulted in substantial harm to the plaintiff. Therefore, viewing the facts in a light most favorable to the plaintiff, the court finds that there are genuine issues of material fact as to whether the plaintiff's claim for delay in medical treatment constitutes an Eighth Amendment violation.[21]

---

[18]The defendant attaches an affidavit from a nurse at MWCF which addresses the plaintiff's claim for the denial of medical treatment, but the affidavit does not address why the plaintiff's denture impressions were delayed for eleven months or why he was not provided with a soft food diet or menu change for someone with no teeth. *See* Exhibit "A" to Defendant's Reply [36-2].

[19]At the time of the plaintiff's *Spears* hearing on April 12, 2005, approximately five months after he was fitted for denture impressions on November 9, 2005, he still did not have dentures. *See* Transcript at 24:20 - 25:1. However, based on the plaintiff's sister's affidavit dated May 17, 2007 (Exhibit "M" to Response [33]), it appears that the plaintiff may have received dentures after he was put on the medical call list at the Franklin County Correctional Facility. *See supra*, footnotes 6, 11.

[20]In his Motion, the defendant does not address the plaintiff's allegation of a denial of dietary consideration due to his dental condition.

[21]The defendant also claims that the plaintiff's inability to prove causation, "an essential element of his claim . . . defeats liability as a matter of law." *See* Defendant's Memorandum [30] at 7. However, it is the court's opinion that the cases cited by the defendant in support of this proposition are distinguishable and inapposite to the case *sub judice*. Accordingly, the plaintiff's "inability" to prove causation does not entitle the defendant to judgment as a matter of law on this claim.

The defendant further sets forth as additional grounds for dismissal, the plaintiff's failure to

Denial of Special Diet and/or Change in Menu

In order to establish an Eighth Amendment claim, "the prisoner must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Pursuant to the Eighth Amendment, inmates must be provided with "well-balanced meal[s], containing sufficient nutritional value to preserve health." *Berry*, 192 F.3d at 507 (quoting *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)) (internal quotation marks omitted). The Constitution requires that inmates be provided with "reasonably adequate" food. *Berry*, 192 F.3d at 507 (quoting *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)). However, "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Berry*, 192 F.3d at 507 (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.*[22]

In his Complaint, the plaintiff alleges that from the time of his first tooth extractions in August of 2003, until the time of signing his Complaint in March of 2004, he was not given a change in diet or menu consideration. The plaintiff had been without any teeth since December

---

respond to or comply with the court's July 9, 2004 Order [9] requiring the plaintiff to submit information to the court regarding previously filed civil actions that were dismissed, and for failing to inform the court of his current address. *See* Defendant's Memorandum [30] at 11-12. The court notes that the plaintiff did file a response to the court's Order [9] regarding other civil actions, and that the plaintiff has notified the court of his change in address. *See* Docket Entries [10] and [31]. Therefore, the court declines to grant summary judgment in favor of the defendant on these grounds.

[22]In *Berry*, the Fifth Circuit held that the denial of eight meals over a seven-month period did not constitute cruel and unusual punishment in violation of the Eighth Amendment. *Berry*, 192 F.3d at 507. However, in *Berry*, the prisoner did not allege "that he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet, . . . [or] having his health put at risk." *Id.* at 508.

9

of 2003. The plaintiff alleges that because he was given no change in diet, his weight dropped from 230 to 200 pounds, and that the only way he was able to sustain that weight was by his family buying him softer foods at the canteen.[23]

During his *Spears* hearing on April 12, 2005, the plaintiff further alleged that he was not given a specialized diet for someone with no teeth, and he complained that he had "no way to eat" as a result of having his teeth pulled and not being provided with dentures.[24] The plaintiff further testified that he was given a regular diet, "like everybody else," that he was not able to eat the food provided, and that as a result, his weight dropped from 230 to 190 pounds.[25] At the time of the *Spears* hearing, the plaintiff had been without teeth and/or dentures for approximately sixteen months, and was never provided with a soft food or other specialized diet for his dental condition. The plaintiff testified that after fourteen months, he was able to adjust and eat the food that everyone else got.[26]

In his Memorandum in Opposition to Summary Judgment [34], the plaintiff alleges that he suffered substantial weight loss and suffering as a result of never receiving any dietary consideration due to his dental condition.[27] Additionally, according to the affidavit attached as Exhibit "M" to Plaintiff's Response [33], the plaintiff lost seventy pounds as a result of not being

---

[23] *See* Complaint [1], III. Statement of Claim.

[24]*See* Transcript at 23:12 - 23:23.

[25]*See* Transcript at 23:24 - 24:5.

[26]*See* Transcript at 25:9- 25:11.

[27]*See* Plaintiff's Memorandum [34] at 3.

10

able to eat due to lack of dentures.[28]

Based on the sworn allegations outlined above, and considering that the defendant has failed to address or rebut the plaintiff's claims regarding the denial of a special diet and/or change in menu, the court finds that there are genuine issues of material fact as to whether the plaintiff's claim for deprivation of adequate food/special diet constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Official Capacity

As stated above, the plaintiff does not specify whether he is suing the defendant in his individual or official capacity. Accordingly, the court looks to "the course of proceedings" to determine "the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973); *Forside v. Miss. State Univ.*, No. 101CV438-DD, 2002 WL 31992181, at *5, *5 n.2 (N.D. Miss. Dec. 30, 2002). Based on the allegations in the Complaint, as well as the other pleadings before the court, the court is of the opinion that the Complaint only alleges claims against the defendant in his official capacity. In the style of the plaintiff's Complaint, he names "Richard 'RiP' Stinger," as the defendant, with no reference to his official position. However, the plaintiff's Complaint alleges that MWCF "is maintained by the Sheriff of Marion Co., Richard "RiP" Stringer."[29]

The plaintiff's claims against the defendant in his official capacity as the Sheriff of Marion County are essentially claims against the county itself. *See Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Since neither the county nor the sheriff may be held liable on a theory

---

[28]*See* Exhibit "M" to Plaintiff's Response [33].

[29]*See* Complaint [1], III. Statement of Claim.

of respondeat superior, there must be a policy, custom, or practice that caused the deprivation of rights. *Monell v. Dept. of Social Servs.,* 436 U.S. 658, 691 (1978). The county can be held liable for the plaintiff's section 1983 claims only if three requirements are met: (1) the county must have "an official policy, practice, or custom" that could subject it to section 1983 liability; (2) "the official policy must be linked to the constitutional violation[;]" and (3) "the official policy must reflect the municipality's deliberate indifference to that injury." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002).

Regarding the first element above, "An 'official policy' for § 1983 purposes may be either a written policy or 'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Lawson*, 286 F.3d at 263 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)); *see also Richardson v. Oldham*, 12 F.3d 1373, 1381-82 (5th Cir. 1994) (stating that the Fifth Circuit has stated "that a municipal policy may be established by a persistent pattern of conduct as well as by a formal legal declaration").

In order to meet the second element referenced above, "there must be evidence establishing a direct causal (sic) link between the official policy and the constitutional violation. The policy must be the 'moving force' behind the constitutional violations." *Lawson*, 286 F.3d at 263 (quoting *Piotrowski v. City of Houston*, 237 F.2d 567, 578 (5th Cir. 2001)).

Finally, in order to meet the third element referenced above, the plaintiff must show that the county "maintain[ed] its official policy with deliberate indifference to a constitutionally protected right." *Lawson,* 286 F.3d at 264. "Unlike the deliberate indifference standard applied

to individual employees, this standard is an objective one; it considers not only what the policymaker actually knew, but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Id.*; *see also Hare v. City of Corinth*, 74 F.3d 633, 649 n.4 (5th Cir. 1996) (stating that when the plaintiff is attempting to hold a municipality liable for a constitutional violation, he "must show that the municipal employee's act resulted from a municipal policy or custom adopted or maintained with *objective* deliberate indifference" to the plaintiff's constitutional rights). "Therefore, constructive notice is adequate." *Lawson*, 286 F.3d at 264.

Based on the evidence before the court that the plaintiff's appropriation of denture impressions was delayed for eleven months after his last teeth were pulled; that plaintiff went without teeth and/or dentures for at least sixteen months; that plaintiff was not provided with a soft food or other specialized diet due to his dental condition during this time period; that plaintiff filed grievances and administrative remedies; and that the defendant, the warden, the medical personnel at MWCF, and the personnel at MDOC knew of the plaintiff's dental condition and that he was losing weight due to his inability to eat without teeth/dentures, this court finds that there are genuine issues of material fact as to whether there was an "official policy" based on a common practice or persistent pattern of conduct that could subject Marion County to section 1983 liability.

The court further finds that there are genuine issues of material fact as to whether the "official policy" was the moving force behind the alleged constitutional violations, since such violations may not have occurred but for the delay in dentures and the denial of a soft food diet for someone with no teeth and/or dentures. Finally, based on the evidence before the court, as

well as the defendant's statement in his Reply that he is <u>not</u> stating that he "had no knowledge of Plaintiff's condition[,]"[30] the court finds that there are genuine issues of material fact as to whether the defendant's acts resulted from an official policy maintained with *objective* deliberate indifference to the plaintiff's constitutional rights.

<u>Individual Capacity</u>

As stated above, the court is of the opinion that the Complaint only alleges claims against the defendant in his official capacity.  In his Memorandum in Opposition to Defendant's Motion for Summary Judgment, the plaintiff states for the first time that his claims filed against the defendant are in his individual capacity.[31]  However, even the allegations/ arguments in the plaintiff's Memorandum refer to the defendant's duties and responsibilities in his official capacity as Sheriff in maintaining and managing the facility, and do not make any specific claims against the defendant individually.[32]  In fact, the plaintiff even states that he "does not claim the defendant inflicted injury or that the plaintiff received a permanent injury" but that "he was subjected to unconstitutional pain, suffering and mental anguish due to the defendant[']s neglect of assumed responsibility."[33]  The plaintiff cites to Exhibit "K", which is a copy of Miss. Code Ann. § 47-5-935, which discusses the sheriff's role as Chief Corrections Officer for the facility, and his responsibility for management of the facility.[34]  Therefore, based on the plaintiff's

---

[30]*See* Defendant's Reply [36] at 1.

[31]*See* Plaintiff's Memorandum [34] at 7.

[32]*See* Plaintiff's Memorandum [34] at 5, 7.

[33]*See* Plaintiff's Memorandum [34] at 5-6.

[34]*See* Plaintiff's Memorandum [34] at 5-6; Ex. "K" to Plaintiff's Response [33].

allegations, it appears he is trying to hold the defendant liable based on a theory of respondeat superior, and there is no supervisory or respondeat superior liability under section 1983. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

Therefore, even if plaintiff did allege claims against the defendant in his individual capacity, this court finds that such claims fail as a matter of law because the plaintiff failed to allege any specific conduct by the defendant individually which resulted in the violation of his constitutional rights. *See Oliver*, 276 F.3d at 741 (holding that a plaintiff suing a government official in his individual capacity "must allege specific conduct giving rise to a constitutional violation" [and] that such a standard "requires more than conclusional assertions"); *see also Harry v. Springer*, No. 4:04cv207LN, 2006 WL 859236, at *3 (S.D. Miss. March 30, 2006) (holding that the sheriff could not be held individually liable for the plaintiff's claim under section 1983 for the denial of adequate medical care since the sheriff was not directly involved in the plaintiff's medical care).

State Law Claims

The plaintiff does not specifically allege separate state law claims in his Complaint, but the plaintiff does seek monetary relief for pain and suffering and mental anguish, and his expenses and filing fees. The plaintiff further alleges that the defendant is responsible under state law in his Response to Defendant's Motion for Summary Judgment.[35] Liberally construing the plaintiff's Complaint, to the extent he asserts state law claims against the defendant, this court finds that such claims are barred by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-9(1)(m). That section provides as follows:

---

[35]*See* Response [33] at 5.

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: . . .
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution regardless of whether such claimant is or is not an inmate . . . when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m)(Amended by 2007 Miss. Laws Ch. 582 (S.B. 2375)).

The first criteria above is met because the defendant has asserted that he was acting within the course and scope of his employment, and the plaintiff has not addressed or rebutted this assertion. Further, the second criteria above is met since it is undisputed that the plaintiff was an inmate of MWCF during the time the claims arose. Moreover, the plaintiff failed to respond to or rebut the defendant's argument that his claims are barred by § 11-46-9(1)(m). *See Harry v. Springer*, No. 4:04cv207LN, 2006 WL 859236, at *4-*5 (S.D. Miss. March 30, 2006) (holding that plaintiffs' state law tort claims against the sheriff and the county were barred by the MTCA, where plaintiffs did not address defendants' argument regarding their state law claims in response to defendants' motion for summary judgment). For the reasons stated above, this court finds that to the extent the plaintiff has alleged state law claims against the defendant, such claims are barred by Miss. Code Ann. § 11-46-9(1)(m).[36]

## CONCLUSION

Based on the foregoing analysis, the court finds that the plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim for the denial of medical treatment; therefore, the defendant

---

[36] Because the court finds that the plaintiff's state law claims are barred by Miss. Code Ann. § 11-46-9(1)(m), the court does not address the defendant's arguments that the plaintiff's claims are barred under the other sections of the MTCA.

is entitled to judgment as a matter of law on this claim. The court finds that the plaintiff's claims against the defendant in his individual capacity, to the extent they are asserted, fail as a matter of law. The court further finds that the plaintiff's state law claims, to the extent they are alleged, are barred by the MTCA, Miss. Code Ann. § 11-46-9(1)(m)(Amended by 2007 Miss. Laws Ch. 582 (S.B. 2375)).

However, the court finds that genuine issues of material fact remain relating to the plaintiff's claims against the defendant in his official capacity for the delay of medical treatment and the denial of a special diet and/or change in menu due to his dental condition, and therefore, the defendant is not entitled to judgment as a matter of law on these claims.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment [29] is GRANTED IN PART and DENIED IN PART. The plaintiff's claim for the denial of medical treatment, the plaintiff's claims against the defendant in his individual capacity, and the plaintiff's state law claims are dismissed with prejudice. The defendant is not entitled to judgment as a matter of law on the plaintiff's claims against the defendant in his official capacity for the delay of medical treatment and the denial of a special diet and/or change in menu due to his dental condition.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 3rd day of August, 2007.

s/ Michael T. Parker
United States Magistrate Judge